**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 26-24707-CIV-ALTMAN**

ADIDAS AG, *et al.*,

Plaintiffs,

vs.

THE INDIVIDUALS, BUSINESS ENTITIES, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"

Defendants.
_______________________________________/

**PLAINTIFFS' *EX PARTE* MOTION FOR ORDER AUTHORIZING ALTERNATE SERVICE OF PROCESS ON DEFENDANTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(f)(3) AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Plaintiffs, adidas AG, adidas International Marketing B.V., and adidas America, Inc. ("Plaintiffs"), hereby move this Honorable Court, on an *ex parte* basis,[1] for an order authorizing alternate service of process on Defendants, the Individuals, Business Entities, and Unincorporated Associations identified on Schedule "A" hereto ("Defendants"), pursuant to Federal Rule of Civil Procedure 4(f)(3). In support thereof, Plaintiffs submit the following Memorandum of Law.

[1] Plaintiffs are moving for alternate service *ex parte* as Plaintiffs have yet to provide Defendants with notice of this action, and, as such, Plaintiffs have not undertaken any methods to effectuate service. (See Declaration of Virgilio Gigante in Support of Plaintiffs' *Ex Parte* Motion for Order Authorizing Alternate Service of Process ("Gigante Decl.") ¶ 1, n.1, filed herewith.) Specifically, on July 11, 2026, Plaintiffs filed their *Ex Parte* Application for Entry of Temporary Restraining Order and Order Restraining Transfer of Assets ("*Ex Parte* Application for Temporary Restraining Order") [ECF No. 11], which is currently pending before the Court. This Motion refers to Plaintiffs' *Ex Parte* Application for Temporary Restraining Order, and as such, Plaintiffs seek to prevent premature disclosure of that filing. (Id.) However, Plaintiffs are filing this Motion so that, in the event Plaintiffs' *Ex Parte* Application for Temporary Restraining Order and this Motion are granted, Plaintiffs can effectuate service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure simultaneously with providing notice of the Court's Order on Plaintiffs' *Ex Parte* Application for Temporary Restraining Order. (Id.)

## I. INTRODUCTION

Plaintiffs are suing Defendants for federal trademark counterfeiting and infringement, false designation of origin, common law unfair competition, and common law trademark infringement. Defendants are knowingly and intentionally promoting, advertising, distributing, offering for sale, and selling goods using counterfeits and infringements of Plaintiffs' registered trademarks within this district and throughout the United States by operating Internet based e-commerce stores under the e-commerce store names identified on Schedule "A" hereto (the "E-commerce Store Names").

Pursuant to Federal Rule of Civil Procedure 4(f)(3), Plaintiffs request an order authorizing service of process on Defendants via electronic mail ("e-mail") and via website posting. Service of process by e-mail and by posting on a designated website are appropriate and necessary in this case, because Defendants (1) operate anonymously via the Internet, and (2) rely on electronic communications to operate their businesses. As such, Plaintiffs can contact Defendants directly and provide notice of Plaintiffs' claims against them electronically via e-mail. Additionally, Plaintiffs have created a serving notice website for this case and upon filing the instant Motion, will be posting copies of the Complaint, this Motion, and all other documents filed in this action. Plaintiffs respectfully submit that an order allowing service of process and service of all filings and discovery via e-mail and by posting on a designated website in this case will benefit all parties and the Court by ensuring Defendants receive immediate notice of the pendency of this action and allowing this action to move forward expeditiously. Absent the ability to serve Defendants by e-mail and/or by website posting, Plaintiffs will almost certainly be left without the ability to pursue a remedy.

## II. STATEMENT OF FACTS

### A. Defendants Identify Electronic Means of Contact.

Defendants operate Internet-based businesses and identify e-mail as a means of communication such that Plaintiffs will be able to provide Defendants with notice of this action via e-mail and website posting. (See Gigante Decl. ¶¶ 3–5; see also Schedule "A.") As a practical matter, it is necessary for merchants who operate entirely online, such as Defendants, to provide customers with a valid electronic means by which customers may contact the merchants to ask questions about the merchants' products, place orders from the merchants, and receive information from the merchants regarding the shipment of orders. Further, e-commerce defendants generally must maintain accurate e-mail addresses or other electronic contact where their e-commerce store registrar administrator may communicate with them regarding issues related to the purchase, transfer, and maintenance of their e-commerce store name accounts. Additionally, Plaintiffs have created a serving notice website that will be appearing at the URL, http://servingnotice.com/D4s6f1w/index.html ("Plaintiffs' Website"), such that anyone accessing Plaintiffs' Website will find copies of all documents filed in this action. (Id. ¶ 5.)

Specifically, Defendants operate their Internet based e-commerce stores under the E-commerce Store Names and have provided a contact e-mail address in connection with their E-commerce Store Names. (See Gigante Decl. ¶ 3 and Comp. Ex. 1 attached thereto.) Additionally, Plaintiffs' counsel's firm obtained the publicly available registration records (the "WHOIS" records) for the E-commerce Store Names identifying the contact data Defendants provided their domain name registrars. (See Gigante Decl. ¶ 4.) Moreover, Defendants can receive notice of this action by e-mail via the designated registrar's e-mail address for the E-commerce Store Name. (Id.) The proposed methods of electronic service for each Defendant are set forth on Schedule "A" hereto. (Id.)

Finally, Plaintiffs will be able to provide each Defendant with notice of this action via public announcement on Plaintiffs' designated serving notice website. Plaintiffs have created a publication website appearing at the URL http://servingnotice.com/D4s6f1w/index.html, whereon copies of the Complaint, this Motion, and all other pleadings, documents, and orders issued in this action will be posted such that anyone accessing Plaintiffs' Website will find copies of all documents filed in this action. (Gigante Decl. ¶ 5.) The address to Plaintiffs' Website will be provided to each Defendant via e-mail to Defendant's known e-mail address and will be included as part of service of process in this matter. (Id.)

Accordingly, each Defendant will be provided with notice of this action electronically by providing the address to Plaintiffs' Website to its corresponding e-mail addresses or via the designated e-commerce store name registrar. (See Gigante Decl. ¶ 6.) In this manner, Defendants will receive a web address at which they can access all electronic filings to view, print, or download any document filed in the case similar to the court's CM/ECF procedures. (Id.)

### B. Defendants Rely on Electronic Communications.

Defendants have structured their Internet e-commerce store businesses so that the means for customers to purchase Defendants' counterfeit goods is by placing an order electronically. (See Gigante Decl. ¶ 3.) Defendants purport to take and confirm orders online as well as via e-mail, and purport to communicate with customers via electronic means, including e-mail. (See id.; see also relevant web captures from Defendants' Internet websites operating under the E-commerce Store Names attached as Composite Exhibit "1" to the Gigante Decl.) Clearly, Defendants rely on electronic means as reliable forms of contact.

## III. ARGUMENT

Pursuant to Federal Rule of Civil Procedure 4(h)(2), a foreign partnership or other unincorporated association may be served with process in any manner prescribed by Rule 4(f) for

serving foreign individuals. Federal Rule of Civil Procedure 4(f)(3) allows a district court to authorize an alternate method for service to be effected upon a foreign defendant, provided that it is not prohibited by international agreement and is reasonably calculated to give notice to the defendant. In the present matter, alternate service of process via e-mail and by posting on Plaintiffs' Website are appropriate given that Defendants have established Internet-based businesses by which they rely on electronic communications for their operations. Accordingly, this Court should permit service on Defendants by e-mail and website posting.

### A. The Court May Authorize Service via Electronic Mail and Website Posting Pursuant to Federal Rule of Civil Procedure 4(f)(3).

Federal Rule of Civil Procedure 4(h)(2) allows a foreign business entity to be served with process "in any manner prescribed by Rule 4(f)," including any manner ordered under Rule 4(f)(3). U.S. Commodity Futures Trading Comm'n v. Aliaga, 272 F.R.D. 617, 619 (S.D. Fla. 2011). A foreign partnership or other unincorporated association can therefore be served in the same manner as serving a foreign individual pursuant to Rule 4(f)(3). Id. Federal Rule of Civil Procedure 4(f)(3) allows alternative methods for service of process, so long as those methods are not prohibited by international agreement and are directed by the Court. See Prewitt Enters., Inc. v. The Org. of Petrol. Exporting Countries, 353 F.3d 916, 923 (11th Cir. 2003). See also Brookshire Bros., Ltd. v. Chiquita Brands Int'l, No. 05-CIV-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007); Rio Props. Inc., v. Rio Int'l Interlink, 284 F.3d 1007, 1014 (9th Cir. 2002). In fact, "as long as court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country." Chanel, Inc. v. Zhixian, No. 10-cv-60585-JIC, 2010 WL 1740695, at *3 (S.D. Fla. April 29, 2010) (quoting Rio Props., 284 F.3d at 1014 and citing Mayoral–Amy v. BHI Corp., 180 F.R.D. 456, 459 n. 4 (S.D. Fla. 1998)).

The plain language of Rule 4(f)(3) reflects that the decision to issue an order allowing an alternate means of service lies within the sole discretion of the District Court. Prewitt Enters., Inc., 353 F.3d at 921; Rio Props., 284 F.3d at 1116. See, e.g., Brookshire Bros., Ltd., 2007 WL 1577771, at *2 (noting that "district courts have broad discretion under Rule 4(f)(3) to authorize other methods of service"); In re Int'l Telemedia Assocs., 245 B.R. 713, 720 (N.D. Ga. 2000) (noting that Rule 4(f)(3) is designed to allow courts discretion and broad flexibility to tailor the methods of service for a particular case). Rule 4 does not require a party attempt service of process by those methods enumerated under subsections (f)(1) and (f)(2), including by diplomatic channels and letters rogatory, before petitioning the court for alternative relief under subsection 4(f)(3). Rio Props., 284 F.3d at 1114-15; see also Brookshire Bros., Ltd., 2007 WL 1577771, at *1. In Brookshire, the Honorable Judge Marcia G. Cooke allowed substitute service on a party's attorney pursuant to Rule 4(f)(3) holding as follows:

> Rule 4(f)(3) is one of three separately numbered subsections in Rule 4(f) and each subsection is separated from the one previous merely by the simple conjunction 'or.' Rule 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently, on equal footing. Moreover, no language in Rules 4(f)(1) or 4(f)(2) indicates the primacy, and certainly Rule 4(f)(3) indicates no qualifiers or limitations which indicate its availability only after attempting service of process by other means.

Brookshire Bros., Ltd., 2007 WL 1577771, at *1 (quoting Rio Props., 284 F.3d at 1015). Accord TracFone Wireless, Inc. v. Bitton, 278 F.R.D. 687, 692 (S.D. Fla. Jan 11, 2012) (noting that, in regards to Rule 4(f)(3), "there is no indication from the plain language of the Rule that the three subsections, separated by the disjunctive "or," are meant to be read as a hierarchy.") Judge Cooke further held, "[t]he invocation of Rule 4(f)(3), therefore, is neither a last resort nor extraordinary relief." Brookshire Bros., Ltd., 2007 WL 1577771, at *2.

Additionally, the Constitution itself does not mandate that service be effectuated in any particular way. Rather, Constitutional due process considerations require only that the method of service selected be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Brookshire Bros., Ltd., 2007 WL 1577771, at *1 (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)); see also TracFone Wireless, Inc., 278 F.R.D. at 692; Rio Props., 284 F.3d at 1016. Accordingly, federal courts have allowed a variety of alternative service methods, including service by e-mail and service by posting on a designated website, where a plaintiff demonstrates the likelihood that the proposed alternative method of service will notify a defendant of the pendency of the action. See, e.g., Rio Props., 284 F.3d at 1017 (holding, "without hesitation," that e-mail service of an online business defendant "was constitutionally acceptable"); In re Int'l Telemedia Assocs., 245 B.R. at 721 ("If any methods of communication can be reasonably calculated to provide a defendant with real notice, surely those communication channels utilized and preferred by the defendant himself must be included among them."); National Association for Stock Car Auto Racing, Inc. v. Does, 584 F. Supp. 2d 824, 826 (W.D.N.C. 2008) (in "acknowledging the realities of the twenty-first century and the information age, the Court determined that the most appropriate place for publication was [plaintiff's website].").

Here, service on Defendants by e-mail and by posting on Plaintiffs' Website will satisfy due process by apprising Defendants of the action and giving them the opportunity to answer Plaintiffs' claims. Based upon Plaintiffs' investigation, each Defendant has at least one form of electronic means of contact, which is not just effective, but likely the most reliable means of providing each Defendant with notice of this action. (See Gigante Decl. ¶¶ 2–3.) Moreover, service by posting on Plaintiffs' Website will be an additional source of reliability as Defendants will be

able to see copies of the Complaint, this Motion, and all other documents in this matter electronically via their Internet browser. (See Gigante Decl. ¶ 4.)

E-mail service on an online business defendant is appropriate and constitutionally acceptable in a case such as this when a plaintiff has proven that e-mail is the most effective means of providing a defendant notice of the action. See Rio Props., 284 F.3d at 1017 (concluding "not only that service of process by e-mail was proper—that is, reasonably calculated to apprise [the defendant] of the pendency of the action and afford it an opportunity to respond—but in this case, it was the method of service most likely to reach [the defendant]."). See also Popular Enters., LLC v. Webcom Media Group, Inc., 225 F.R.D. 560, 562 (E.D. Tenn. 2004) ("Under the facts and circumstances presented here, Rule 4(f)(3) clearly authorizes the court to direct service upon defendant by e-mail. The rule is expressly designed to provide courts with broad flexibility in tailoring methods of service to meet the needs of particularly difficult cases. Such flexibility necessarily includes the utilization of modern communication technologies to effect service when warranted by the facts.") (citation omitted). The Rio Properties and Popular Enters., LLC courts each determined e-mail service to be appropriate in part because, as in this case, the defendants conducted their business online, used e-mail in their business, and encouraged parties to contact them via e-mail. See id.

In cases that are factually similar to this one, a number of Courts have held that alternate forms of service pursuant to Rule 4(f)(3), such as e-mail service, are appropriate and may be the only means of effecting service of process "when faced with an international e-business scofflaw." Rio Props., 284 F.3d at 1018; see also Chanel, Inc. v. Zhixian, 2010 WL 1740695, at *3 (e-mail service "reasonably calculated to notify Defendants of the pendency of this action and provide him with an opportunity to present objections."); TracFone Wireless, Inc., 278 F.R.D. at 693 (finding

that service of process by e-mail was reasonably calculated to apprise the defendants of the action and give it an opportunity to respond); Popular Enters., LLC, 225 F.R.D. at 563 (same); In re Int'l Telemedia Associates, 245 B.R. at 722 ("A defendant should not be allowed to evade service by confining himself to modern technological methods of communication not specifically mentioned in the Federal Rules. Rule 4(f)(3) appears to be designed to prevent such gamesmanship by a party." (concluding e-mail and facsimile service to be appropriate)); Chanel, Inc. v. Zhibing, No. 09-cv-02835, 2010 WL 1009981, at *4 (W.D. Tenn. March 17, 2010) (stating that e-mail service has the "greatest likelihood" of reaching e-commerce merchants and noting, "The federal judiciary's own CM/ECF system alerts parties . . . by e-mail messages." Alternate service via e-mail granted).[2] Plaintiffs submit that allowing e-mail service in the present case is appropriate and comports with constitutional notions of due process, particularly given Defendants' decisions to

[2] See, e.g., Omega SA v. Individuals, Bus. Entities, & Unincorporated Ass'ns, No. 25-21058-CIV-ALTMAN, 2025 U.S. Dist. LEXIS 154982, 2025 WL 2263314 (S.D. Fla. Mar. 18, 2025) (Order authorizing alternate service of process via, *inter alia*, e-mail); Chanel, Inc. v. Individuals, No. 25-20600-CIV-ALTMAN, 2025 U.S. Dist. LEXIS 123040, 2025 WL 1764557 (S.D. Fla. Feb. 11, 2025) (same); Chanel, Inc. v. Individuals, Bus. Entities, & Unincorporated Ass'ns, No. 24-20242-CIV-ALTMAN, 2024 U.S. Dist. LEXIS 187676, 2024 WL 4472035 (S.D. Fla. Jan. 25, 2024) (same); Chanel, Inc. v. Individuals, No. 22-22693-CIV-ALTMAN, 2022 U.S. Dist. LEXIS 244777, 2022 WL 20610693 (S.D. Fla. Aug. 29, 2022, docketed Aug. 30, 2022) (same); Richemont Int'l v. Bestreplicacartier, No. 20-60637-CIV-ALTMAN, 2020 U.S. Dist. LEXIS 201840, (S.D. Fla. Apr. 1, 2020) (same). Accord Gucci Am., Inc. v. Individuals, No. 25-25474-CIV-ALTONAGA, 2025 U.S. Dist. LEXIS 275672 (S.D. Fla. Dec. 1, 2025) (same); Chanel, Inc. v. Individuals, No. 25-24839-CIV-BECERRA, 2025 U.S. Dist. LEXIS 273236 (S.D. Fla. Nov. 12, 2025, docketed Nov. 13, 2025) (same); Tiffany NJ LLC v. Individuals, No. 25- 23951-CIV-BLOOM, 2025 U.S. Dist. LEXIS 260241 (S.D. Fla. Sept. 10, 2025) (same); Omega SA v. Individual, Bus. Entity, or Unincorporated Ass'n, No. 25-22390-CIV-MARTINEZ, 2025 U.S. Dist. LEXIS 201756 (S.D. Fla. June 4, 2025) (same); adidas AG v. Individuals, Bus. Entities, & Unincorporated Ass'ns, No. 24-62388-CIV-SINGHAL, 2025 U.S. Dist. LEXIS 122065 (S.D. Fla. April 7, 2025) (same); Richemont Int'l SA v. Individuals, Bus. Entities, & Unincorporated Ass'ns, No. 25-21016-CIV-MOORE, 2025 U.S. Dist. LEXIS 154897 (S.D. Fla. March 20, 2025) (same); Lacoste Alligator S.A. v. Individuals, No. 25-20243-CIV-GAYLES, 2025 U.S. Dist. LEXIS 122033 (S.D. Fla. Jan. 28, 2025) (same); Malletier v. Individuals, No. 24-23194-CIV-RUIZ, 2024 U.S. Dist. LEXIS 188548 (S.D. Fla. Aug. 26, 2024) (same).

conduct their unlawful businesses anonymously using the Internet and utilizing e-mail as a primary means of communication.

Additionally, service of a defendant by posting on a designated website, such as a plaintiff's website, has been deemed an appropriate means of service by posting. See National Association for Stock Car Auto Racing, 584 F. Supp. 2d at 826.[3] A proposed method of website posting need only be "reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." National Association for Stock Car Auto Racing, 584 F. Supp. 2d at 826 (citing Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 315-16, 70 S. Ct. 652, 94 L. Ed. 865 (1950)). In National Association for Stock Car Auto Racing, Inc. v. Does, the United States District Court for the Western District of North Carolina determined that the plaintiff could serve "Doe" defendants and

---

[3] See e.g., Omega SA v. Individuals, Bus. Entities, & Unincorporated Ass'ns, No. 25-21058-CIV-ALTMAN, 2025 U.S. Dist. LEXIS 154982, 2025 WL 2263314 (S.D. Fla. Mar. 18, 2025) (Order granting alternative service via e-mail service and by posting on plaintiff's designated website); Chanel, Inc. v. Individuals, No. 25-20600-CIV-ALTMAN, 2025 U.S. Dist. LEXIS 123040, 2025 WL 1764557 (S.D. Fla. Feb. 11, 2025) (same); Chanel, Inc. v. Individuals, Bus. Entities, & Unincorporated Ass'ns, No. 24-20242-CIV-ALTMAN, 2024 U.S. Dist. LEXIS 187676, 2024 WL 4472035 (S.D. Fla. Jan. 25, 2024) (same); Chanel, Inc. v. Individuals, No. 22-22693-CIV-ALTMAN, 2022 U.S. Dist. LEXIS 244777, 2022 WL 20610693 (S.D. Fla. Aug. 29, 2022, docketed Aug. 30, 2022) (same); Richemont Int'l v. Bestreplicacartier, No. 20-60637-CIV-ALTMAN, 2020 U.S. Dist. LEXIS 201840, (S.D. Fla. Apr. 1, 2020) (same). Accord Gucci Am., Inc. v. Individuals, No. 25-25474-CIV-ALTONAGA, 2025 U.S. Dist. LEXIS 275672 (S.D. Fla. Dec. 1, 2025) (same); Chanel, Inc. v. Individuals, No. 25-24839-CIV-BECERRA, 2025 U.S. Dist. LEXIS 273236 (S.D. Fla. Nov. 12, 2025, docketed Nov. 13, 2025) (same); Tiffany NJ LLC v. Individuals, No. 25- 23951-CIV-BLOOM, 2025 U.S. Dist. LEXIS 260241 (S.D. Fla. Sept. 10, 2025) (same); Omega SA v. Individual, Bus. Entity, or Unincorporated Ass'n, No. 25-22390-CIV-MARTINEZ, 2025 U.S. Dist. LEXIS 201756 (S.D. Fla. June 4, 2025) (same); adidas AG v. Individuals, Bus. Entities, & Unincorporated Ass'ns, No. 24-62388-CIV-SINGHAL, 2025 U.S. Dist. LEXIS 122065 (S.D. Fla. April 7, 2025) (same); Richemont Int'l SA v. Individuals, Bus. Entities, & Unincorporated Ass'ns, No. 25-21016-CIV-MOORE, 2025 U.S. Dist. LEXIS 154897 (S.D. Fla. March 20, 2025) (same); Lacoste Alligator S.A. v. Individuals, No. 25-20243-CIV-GAYLES, 2025 U.S. Dist. LEXIS 122033 (S.D. Fla. Jan. 28, 2025) (same); Malletier v. Individuals, No. 24-23194-CIV-RUIZ, 2024 U.S. Dist. LEXIS 188548 (S.D. Fla. Aug. 26, 2024) (same).

apprise those defendants of a pending preliminary injunction hearing by posting on the plaintiff's website. Id.

Accordingly, Plaintiffs have created their serving notice website which appears at the URL http://servingnotice.com/D4s6f1w/index.html whereon copies of the Complaint, this Motion, and all other pleadings, documents, and orders issued in this action will be posted. (See Gigante Decl. ¶ 5.) The address to Plaintiffs' Website will be provided to each Defendant via its known e-mail accounts and will be included as part of service of process in this matter. (See id.) Posting the Summonses and Complaint on Plaintiffs' Website will provide notice to Defendants sufficient to meet the due process requirements for service of process and notice pursuant to Federal Rule of Civil Procedure 4, apprise Defendants of the pendency of this action, and afford Defendants and any other interested parties an opportunity to present their answers and objections.

**B. Service of Process Via Electronic Means Are Not Prohibited by International Agreement.**

Service via e-mail and by posting on a designated website are not prohibited by international agreement. Based on the data provided in connection with Defendants' E-commerce Store Names and the registration records for the E-commerce Store Names, Plaintiffs have reasonable cause to suspect Defendants may reside in and/or operate from the People's Republic of China ("China"), including the Special Administrative Region of Hong Kong ("Hong Kong"), and/or redistribute products from sources in China. (See Gigante Decl. ¶ 8.) While Plaintiffs have not been able to verify valid physical addresses for service of process on Defendants, Plaintiffs have good cause to believe Defendants are not residents of the United States based upon the investigative data reviewed. (See Gigante Decl. ¶ 8.)

As Defendants do not have known valid physical addresses, Plaintiffs submit that the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and

Commercial Matters (the "Hague Service Convention") does not apply in this case. Specifically, Plaintiffs' investigation into Defendants did not reveal any valid physical addresses for service of process on Defendants, despite Plaintiffs' attempt to investigate possible addresses for Defendants. In making this determination, on Plaintiffs' behalf, Plaintiffs' counsel requested Huang Yu Ting ("Ting"), a researcher in China, conduct an investigation into Defendants to find a valid listing or physical address in China and Hong Kong SAR ("Hong Kong") for service of process upon Defendants. (See Declaration of Huang Yu Ting in Support of Plaintiffs' *Ex Parte* Motion for Order Authorizing Alternate Service of Process ("Ting Decl.") ¶ 3, filed herewith.) Plaintiffs also requested their investigator at Invisible Inc to conduct an investigation into Defendants to find a valid listing or physical address outside of Asia for service of process upon Defendants. (See Declaration of Kathleen Burns in Support of Plaintiffs' *Ex Parte* Motion for Order Authorizing Alternate Service of Process ("Burns Decl.") ¶ 3, filed herewith.) Based upon their research and investigation, Ting and Invisible Inc were each unable to locate any physical addresses for service of process on Defendants. (See Ting Decl. ¶ 4; Burns Decl. ¶ 4.) Furthermore, Plaintiffs' counsel reviewed the WHOIS records for the E-commerce Store Names and discovered Defendants use privacy protection services to conceal their identity and contact information. (See Gigante Decl. ¶ 7.) Thus, Plaintiffs have been unable to attempt to effectuate service of process on Defendants via traditional methods. (Id.) According to Article 1 of the Hague Convention, "[the] convention shall not apply where the address of the person to be served with the document is not known." See Hague Convention, Art. 1, 20 U.S.T. 361 (1969).

Notwithstanding, even if the Hague Service Convention did apply, it does not preclude the Court from authorizing service of process via e-mail or posting on a designated website. Alternative means of service, such as e-mail and website posting, are not prohibited by the Hague

Service Convention where a signatory nation has not expressly objected to those means. See Stat Med. Devices, Inc. v. HTL-Strefa, Inc., No. 15-cv-20590-FAM, 2015 U.S. Dist. LEXIS 122000, 2015 WL 5320947 (S.D. Fla. Sept. 14, 2015) (noting that an objection to the alternative forms of service set forth in the Hague Convention is limited to the forms of service expressly objected to).[4] Article 10 to the Hague Service Convention allows service of process through means other than a signatory's Central Authority, such as "postal channels" and "judicial officers," provided the State of destination does not object to those means. See Hague Convention, Art. 10, 20 U.S.T. 361 (1969).

Plaintiffs' counsel reviewed the Hague Service Convention, to which the United States, China, and Hong Kong are signatories.[5] (See Gigante Decl. ¶ 9 and Comp. Ex. 2 thereto, Hague Service Convention and list of signatory Members.) China has declared that it opposes the service of documents in its territory by the alternative means of service outlined in Article 10 of the

---

[4] See Chanel, Inc. v. Individuals, Bus. Entities, & Unincorporated Ass'ns, No. 24-20242-CIV-ALTMAN, 2024 U.S. Dist. LEXIS 187676, at *4, 2024 WL 4472035, at *2 (S.D. Fla. Jan. 25, 2024) (authorizing e-mail service and by posting on plaintiff's designated website, noting an objection to the alternative means of service provided by the Hague Convention is expressly limited to those means and does not represent an objection to other forms of service, such e-mail or website posting). Accord Malletier v. Lilyhualove, No. 25-62414-CIV-SMITH, 2026 U.S. Dist. LEXIS 130821, at *3 (same); Omega SA v. Individuals, Bus. Entities, & Unincorporated Ass'ns, No. 25-25771-CIV-BECERRA, 2025 U.S. Dist. LEXIS 277560, at *3 (S.D. Fla. Dec. 29, 2025) (same); Chanel, Inc. v. Individuals, Bus. Entities, & Unincorporated Ass'ns, No. 26-62320-CIV-MIDDLEBROOKS, 2025 U.S. Dist. LEXIS 275911, at *5 (S.D. Fla. Dec. 17, 2025, docketed Dec. 18, 2025) (same); Gucci Am., Inc. v. Individuals, No. 25-25474-CIV-ALTONAGA, 2025 U.S. Dist. LEXIS 275672, at *3 (S.D. Fla. Dec. 1, 2025) (same); Chanel, Inc. v. Individuals, No. 25-23164-CIV-MARTINEZ, 2025 U.S. Dist. LEXIS 273392, at *2 (S.D. Fla. Oct. 28, 2025, docketed Oct. 29, 2025) (same); Tiffany NJ LLC v. Individuals, No. 25-23951-Civ-Bloom, 2025 U.S. Dist. LEXIS 260241, at *4 (S.D. Fla. Sept. 10, 2025) (same).

[5] The Hague Convention applies to Hong Kong as a result of an extension made by the United Kingdom, which continues to apply through China's accession to the Convention. (See Gigante Decl. ¶ 9 n.3.)

Convention, including the service of process by postal channels.[6] (See Gigante Decl. ¶ 9 and Comp. Ex. 2 thereto, including a true and correct printout of China's, including Hong Kong's Declaration/Reservation/Notification regarding the Hague Convention.) However, the objection is specifically limited to the means of service enumerated in Article 10, and China and Hong Kong have not expressly objected to service via e-mail or website posting. (See id. and Comp. Ex. 2, thereto.). "Where a signatory nation has objected to the alternative means of service provided by the Hague Convention, that objection is expressly limited to those means and does not represent an objection to other forms of service, such as e-mail or publication." Karsten Mfg. Corp. v. Store, No. 18-61624-CIV, 2018 U.S. Dist. LEXIS 225682, * 3, 2018 WL 8060707, at *1 (S.D. Fla. July 26, 2018) (citation omitted). "A court acting under Rule 4(f)(3) therefore remains free to order alternative means of service where a signatory nation has not expressly objected to those means." Id. (citation omitted); see also WhosHere, Inc. v. Orun, Case No. 13-cv-00526-AJT, 2014 U.S. Dist. LEXIS 22084, at *9, 2014 WL 670817, at *3 (E.D. Va. Feb. 20, 2014) (authorizing e-mail service, noting objection to means of service listed in Article 10 "is specifically limited to the enumerated means of service in Article 10.").

Moreover, an objection to the alternative means of service provided in Article 10 does not represent a per se objection to other forms of service, such as e-mail or website posting. See Stat Med. Devices, Inc., 2015 U.S. Dist. LEXIS 122000, at *8-9, 2015 WL 5320947, * 3 (noting "an objection to Article 10 of the Hague Convention . . . does not equate to an express objection to service via electronic mail.") Consequently, an objection to the means of alternative service provided in Article 10 is no bar to court-directed service and would not prevent this Court from

[6] Hong Kong has not declared any opposition to the alternative means of service by postal channels outlined in Article 10(a) of the Hague Convention, but rather, sets out further requirements for Articles 10(b) and (c). (See Gigante Decl. ¶ 9 n.4.)

authorizing alternative service of process via e-mail or website posting. See, e.g., Stat Med. Devices, Inc., 2015 U.S. Dist. LEXIS 122000, 2015 WL 5320947 (permitting service of process on foreign defendants via e-mail and substituted service on domestic counsel despite Poland's objection to Article 10); WhosHere, Inc., 2014 U.S. Dist. LEXIS 22084, 2014 WL 670817, at *3 (authorizing service of process on foreign defendants via e-mail despite Turkey's objection to Article 10); Richmond Techs., Inc. v. Aumtech Bus. Solutions, Case No. 11-CV-02460-LHK, 2011 U.S. Dist. LEXIS 71269, at *40, 2011 WL 2607158, at *12 (N.D. Cal. July 1, 2011) ("[N]umerous courts have authorized alternative service under Rule 4(f)(3) even where the Hague Convention applies. This is true even in cases involving countries that, like India, have objected to the alternative forms of service permitted under Article 10 of the Hague Convention.")

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request this Court grant the present motion and authorize service of the Summonses, Complaint, and all filings and discovery in this matter upon each Defendant in this action:

(1) via e-mail by providing the address to Plaintiffs' designated serving notice website to Defendants via the e-mail addresses provided by that Defendant (i) as part of the data related to its e-commerce store, including onsite contact forms, or (ii) via the registrar of record for each of the E-commerce Store Names, or

(2) via website posting by posting a copy of the Summonses, Complaint, and all filings and discovery in this matter on Plaintiffs' Website appearing at the URL http://servingnotice.com/D4s6f1w/index.html.

DATED: July 11, 2026.

Respectfully submitted,

STEPHEN M. GAFFIGAN, P.A.

By: **Virgilio Gigante**

Stephen M. Gaffigan (Fla. Bar No. 025844)
Virgilio Gigante (Fla. Bar No. 082635)
T. Raquel Wiborg-Rodriguez (Fla. Bar No. 103372)
401 East Las Olas Blvd., #130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819
E-mail: stephen@smgpa.cloud
E-mail: leo@smgpa.cloud
E-mail: raquel@smgpa.cloud

Attorneys for Plaintiffs

**SCHEDULE A**
**DEFENDANTS BY NUMBER, E-COMMERCE NAME,**
**AND MEANS OF CONTACT**

| Def. No. | Defendant / E-commerce Store Name | Means of Contact E-mail |
|---|---|---|
| 1 | barcarealshirt.com | footballjerseyhub@hotmail.com |
| 2 | buymlsjerseys.com | footballjerseyhub@hotmail.com |
| 3 | footballfanstore.com | footballjerseyhub@hotmail.com |
| 4 | footballjerseyeu.com | footballjerseyhub@hotmail.com |
| 5 | footballjerseyguide.com | footballjerseyhub@hotmail.com |
| 6 | footballjerseyhub.com | footballjerseyhub@hotmail.com |
| 7 | jerseyeuro2024.com | footballjerseyhub@hotmail.com |
| 8 | jerseyeuroclub.com | footballjerseyhub@hotmail.com |
| 9 | mlsjerseyoutlet.com | footballjerseyhub@hotmail.com |
| 10 | mlsjerseysonline.com | footballjerseyhub@hotmail.com |
| 11 | mlsjerseysus.com | footballjerseyhub@hotmail.com |
| 12 | mlssoccerjerseys.com | footballjerseyhub@hotmail.com |
| 13 | prosoccerkithub.com | footballjerseyhub@hotmail.com |
| 14 | prosoccershirts.com | footballjerseyhub@hotmail.com |
| 15 | soccerjerseyeuro.com | footballjerseyhub@hotmail.com |
| 16 | soccershirtoutlets.com | footballjerseyhub@hotmail.com |
| 17 | soccershirtsshop.com | footballjerseyhub@hotmail.com |
| 18 | soccershirtsstore.com | footballjerseyhub@hotmail.com |
| 19 | thesoccerjerseyoutlet.com | footballjerseyhub@hotmail.com |
| 20 | ukfootballjerseys.com | footballjerseyhub@hotmail.com |
| 21 | ukfootballshirtoutlet.com | footballjerseyhub@hotmail.com |
| 22 | uksoccerjerseys.com | footballjerseyhub@hotmail.com |
| 23 | uksoccerjerseyshop.com | footballjerseyhub@hotmail.com |
| 24 | uksoccerjerseysoutlet.com | footballjerseyhub@hotmail.com |
| 25 | womenfootballjersey.com | footballjerseyhub@hotmail.com |