**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 26-24707-CIV-ALTMAN**

ADIDAS AG, *et al.*,

Plaintiffs,

vs.

THE INDIVIDUALS, BUSINESS ENTITIES,
AND UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

Defendants.
_______________________________________/

**DECLARATION OF VIRGILIO GIGANTE IN SUPPORT OF PLAINTIFFS' *EX PARTE* MOTION FOR ORDER AUTHORIZING ALTERNATE SERVICE OF PROCESS**

I, Virgilio Gigante, declare and state as follows:

1. I am an attorney duly authorized and licensed to practice law before all courts in the State of Florida and the Southern District of Florida. I am counsel of record for Plaintiffs, adidas AG, adidas International Marketing B.V., and adidas America, Inc. ("Plaintiffs") in the above captioned action. I submit this Declaration, which is filed in support of Plaintiffs' *Ex Parte*[1] Motion for Order Authorizing Alternate Service of Process ("Motion for Alternate Service") on Defendants, the Individuals, Business Entities, and Unincorporated Associations identified on

[1] Plaintiffs are moving for alternate service *ex parte* as Plaintiffs have yet to provide Defendants with notice of this action, and, as such, Plaintiffs have not undertaken any methods to effectuate service on Defendants. Plaintiffs filed their *Ex Parte* Application for Entry of Temporary Restraining Order ("*Ex Parte* Application for Temporary Restraining Order") [ECF No. 11], which is currently pending before the Court. The Motion for Alternate Service makes reference to Plaintiffs' *Ex Parte* Application for Temporary Restraining Order, and as such, Plaintiffs seek to prevent premature disclosure of that filing. However, Plaintiffs are filing this Motion so that, in the event Plaintiffs' *Ex Parte* Application for Temporary Restraining Order and the Motion for Alternate Service are granted, Plaintiffs can effectuate service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure simultaneously with providing notice of the Court's order on Plaintiffs' *Ex Parte* Application for Temporary Restraining Order.

Schedule "A" to Plaintiffs' Motion for Alternate Service ("Defendants"). I am personally knowledgeable of the matters set forth in this declaration and, if called upon to do so, I could and would competently testify to the following facts set forth below.

2. On July 10, 2026, Plaintiffs filed their *Ex Parte* Application for Temporary Restraining Order [ECF No. 11]. I hereby incorporate by reference all factual allegations contained in my Declaration filed in Support of Plaintiffs' *Ex Parte* Application for Temporary Restraining Order [ECF No. 11-3].

3. Defendants operate the Internet based e-commerce stores and supporting domains operating under the seller names identified on Schedule "A" to the Motion for Alternate Service of Process (the "E-commerce Store Names"). The e-commerce stores advertise, promote, offer for sale, and/or sell products using counterfeits and infringements of one or more of Plaintiffs' trademarks at issue. Defendants have structured their e-commerce stores so that the primary means for customers to purchase Defendants' counterfeit goods at issue is by placing an order electronically. Defendants purport to take and confirm orders online as well via e-mail. True and correct copies of the relevant web pages captured and downloaded by my firm reflecting samples of Defendants' e-commerce stores operating under the E-commerce Store Names displaying Plaintiffs' branded items offered for sale are attached hereto as Composite Exhibit "1."

4. Defendants identify at least one contact e-mail address in connection with their E-commerce Store Names. Additionally, my firm obtained the publicly available registration records (the "WHOIS" records) for the E-commerce Store Names identifying the contact data Defendants provided their domain name registrar. Furthermore, Defendants can receive notice of this action by e-mail via their designated registrar for the E-commerce Store Names. The proposed methods of

electronic service for each Defendant are set forth on Schedule "A" annexed to Plaintiffs' Motion for Alternate Service.

5. Plaintiffs will also notify each Defendant of this action via website posting. Plaintiffs have created a serving notice website and will be posting copies of the Complaint, the Motion for Alternate Service, and all other pleadings, orders, and documents, on file in this action on their designated website located at http://servingnotice.com/D4s6f1w/index.html ("Plaintiffs' Website"), such that anyone accessing Plaintiffs' Website will find copies of all documents filed in this action. The address to Plaintiffs' Website will be provided to each Defendant via e-mail to each Defendant's known e-mail address and/or onsite contact forms and will be included as part of service of process in this matter.

6. Accordingly, each Defendant will be provided with notice of this action electronically by providing the address to Plaintiffs' Website to their corresponding e-mail addresses and/or onsite contact forms, or via the designated e-commerce store domain name registrar. In this manner, Defendants will receive a web address at which they can access all electronic filings to view, print, or download any document filed in the case, similar to the court's CM/ECF procedures.

7. Plaintiffs do not have any physical addresses on file for Defendant. Specifically, in reviewing the WHOIS records for the E-commerce Store Names, my firm discovered Defendants use a privacy protection service to conceal their identity and contact information. Moreover, no physical addresses are identified by Defendants directly on their Internet based e-commerce stores operating under the E-commerce Store Names, and the investigation conducted by Plaintiffs' investigators did not reveal any physical addresses for service of process on Defendants, despite Plaintiffs' attempt to investigate a possible address for Defendants. In connection therewith, on

Plaintiffs' behalf, my firm requested Huang Yu Ting ("Ting"), a researcher in the People's Republic of China ("China"), conduct an investigation into Defendants to find a valid listing or physical address in China, including in the Special Administrative Region of Hong Kong ("Hong Kong"), for service of process upon Defendants. (See Declaration of Huang Yu Ting in Support of Motion for Alternate Service of Process ("Ting Decl.") [ECF No. 12-4] ¶ 3.) Plaintiffs also requested their investigator at Invisible Inc to conduct an investigation into Defendants to find a valid listing or physical address outside of Asia for service of process upon Defendants. (See Declaration of Kathleen Burns in Support of Motion for Alternate Service of Process ("Burns Decl.") [ECF No. 12-5] ¶ 3.) Based upon their research and investigation, Ting and Invisible Inc were each unable to locate any physical addresses for service of process on Defendants. (See Ting Decl. [ECF No. 12-4] ¶ 4; Burns Decl. [ECF No. 12-5] ¶ 4.) Thus, Plaintiffs have been unable to attempt to effectuate service of process on Defendants.

8. While Plaintiffs have not been able to verify valid physical addresses for service of process on Defendants, Plaintiffs have good cause to believe Defendants are not residents of the United States. Rather, Plaintiffs have reasonable cause to suspect Defendants are residing and/or operating in the China, including Hong Kong, as identified on the chart attached hereto as Exhibit "1," and/or redistribute products from sources in there. Plaintiffs' investigation looked at various connection data points, including information contained on Defendants' e-commerce stores operating under the E-commerce Store Names and the registration records for the E-commerce Store Names. A chart has been prepared setting forth each Defendant's suspected domicile based upon the compilation of the investigative data reviewed. See Exhibit "1" attached hereto.

9. I reviewed the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters ("Hague Convention"),[2] to which the United States, China, and Hong Kong.[3] China has declared that it opposes the service of documents in its territory by the alternative means of service outlined in Article 10 of the Hague Convention, including the service of process by postal channels.[4] However, the Hague Convention does not preclude service by e-mail or website posting, and the declarations to the Hague Convention filed by China and Hong Kong do not expressly prohibit e-mail service or website posting. A true and correct copy of the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters and a list of the signatory Members are attached hereto as Composite Exhibit "2."[5] Thus, there are no international agreements prohibiting service by e-mail or website posting.

---

[2] See also Hague Convention, November 15, 1965, 20 U.S.T. 361, available at https://www.hcch.net/en/instruments/conventions/full-text/?cid=17 (last visited July 8, 2026) (full text of the Hague Convention); https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last visited July 8, 2026) (Status Table: listing the current contracting states).

[3] The Hague Convention applies to Hong Kong as a result of an extension made by the United Kingdom, which continues to apply through China's accession to the Convention.

[4] Hong Kong has not declared any opposition to the alternative means of service by postal channels outlined in Article 10(a) of the Hague Convention, but rather, sets out further requirements for Articles 10(b) and (c).

[5] Composite Exhibit 2 also contains a true and correct printout of China's and Hong Kong's Declaration/Reservation/Notification in regards to the Hague Service Convention, available at https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=393&disp=resdn (last visited July 8, 2026).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed July 10, 2026, at Fort Lauderdale, Florida.

Virgilio Gigante